CLARISSA R. PORTER v. ANSEL E. BRADLEY and Wife.

A *feme covert* is not suable in covenant jointly with her husband, for the breach of a covenant against incumbrances, contained in the deed of the husband and wife, of her estate; and in strict course, the plaintiff joining her in such action, must become nonsuit. The court finding, however, upon trial of the case, that there was no other good defence, allowed the plaintiff, upon motion, to amend the writ and declaration by striking out the wife as a party defendant, and to take judgment against the husband alone, *without costs.*

Where the breach of such a covenant consists in the covenantee's being kept out of the possession of the estate conveyed by an outstanding lease parol for the term of one year, not expired at the time of the conveyance, the rule of damages, in general, is, the fair rental value of the estate for the unexpired period of the term.

THIS was an action of covenant against a husband and wife, for the breach of a covenant against incumbrances, contained in their deed of a lot of land with the buildings thereon, in the westerly part of Providence; the deed being executed by them, in right of the wife, on the 21st day of July, 1863, and the declaration averring, that at the time of execution, the premises

were subject to a lease parol, for one year from the first day of May, 1863.

The defendants pleaded a joint plea, and separate pleas, of *non est factum; secondly*, a special plea traversing the lease parol averred in the declaration, and concluding to the country; *thirdly*, a special plea alleging, that before the making of the covenant declared on, the plaintiff agreed to receive and accept, and did accept the tenant by lease parol, as her tenant for the remainder of his term, concluding said plea with a verification; and, *fourthly*, a special plea, alleging the plaintiff's knowledge of the lease parol before the execution of the covenant, and her agreement to take the premises subject to the lease, and accept the tenant as her tenant, which plea also concluded with a verification.

Under the issues made up on these pleas the case was, at the present term, submitted to the court, in fact and law.   The facts are sufficiently stated in the opinion of the court.

*Thurston & Ripley, for the plaintiff.*

*B. N. and S. S. Lapham, for the defendants.*

BULLOCK, J.   This case was submitted to the court upon the law and upon the evidence.

The *first special* plea raises the question, was there, on the 21st day of July, 1863, the acknowledged date of the execution and delivery of the defendants' deed to the plaintiff, a valid, outstanding and subsisting lease upon the estate granted, to some person other than the plaintiff?   No lease, for any term, being excepted from the operation of the covenants of the deed, if the issue was upon the existence of any lease, without reference to the term of its duration, we should have no hesitation, upon the evidence, of finding such issue for the plaintiff.   But the breach assigned is a *parol* lease outstanding upon the estate embraced in, and conveyed by, the defendants' deed, for *one* year from the first day of May, 1863 ; and this, therefore, is the specific infraction the defendants are summoned to answer in this action.   The testimony of Cobb, the tenant, as to the term for which he hired, is full and explicit, and that is, that his lease was for *one* year from May 1st, 1863.   He states, with particularity, the time when, the place where, and the circumstances under which, the contract was

made. In all respects, he is corroborated by the witness, Barrows, who is free from all interest,—once a tenant of the defendant, Ansel,—and who introduced Cobb to him for the express purpose of hiring the premises. Barrows states farther, that Cobb declined to hire for a shorter term ; and that when the subject of a written lease was introduced, the defendant, Ansel, referred Cobb to the lease he had given Barrows, which was also for one year, as the basis upon which he could draw up his own. We do not forget that the defendant, Ansel, persistently denied that such was the contract. But the weight of evidence is sufficiently strong against him to satisfy us that the premises were, in fact, leased as stated in the declaration.

The question next to be considered is, did the plaintiff know of this incumbrance, in its full extent, at the times he received the deed ; and did she accept the estate, or did she agree to accept it, subject to the incumbrance ? The testimony to these points is not, we think, so contradictory as to make it necessary to refer to it in detail. The defendant, Ansel, stated, but in *general* terms only, that the plaintiff knew all about this lease, and did not so far object to it as to refuse to consummate the purchase. His counsel, Mr. Lapham, also stated, that when the deed was about being delivered, she knew there was a lease of some kind to Cobb, and that he was then in possession under it. But we do not understand the defendant, Ansel, and certainly not his counsel, or any other witness, to state, or as intending to state, that this female plaintiff was, at any time prior to the delivery of the deed, fully apprised that Cobb's lease was for *one* year, and would not expire until more than *three-quarters* of a year after her purchase, and that the effect of this lease was, at Cobb's option, to exclude her, during all that period, from such a possession and enjoyment of the estate as she then contemplated, and which, it appears in evidence, was an inducement, on her part, to make the purchase. Such a view of the case entirely militates with her own statements when first called, and when recalled, as a witness. Upon her second cross examination, she was understood to say, that Cobb's wife, within a fortnight after the 4th day of June, told her that his, Cobb's, lease, was for one year. But if this, so variant from every other statement she made, was uttered upon deliberation

Porter *v.* Bradley and wife.

and accorded with the fact, it proves no *assent;* and she still relied upon the frequent and persistent declarations of the defendant, Ansel, made both before and after the delivery of the deed, that Cobb was merely a tenant from month to month, and so, if necessary, could be ejected without much delay. In the testimony of no one witness do we see that full knowledge, coupled with that deliberate and unqualified assent, which under any rule, *estops* this female plaintiff from setting up that the Cobb lease, as proved, was not, in law, a breach of the covenant declared upon.

Thus far, we have considered the *third* and *fourth special* pleas, and the evidence adduced under them, as free from objection. Here, the defendants' deed contained all of the covenants known to the usual forms of deeds of full and general warranty. No collateral instrument, under seal or otherwise, was executed cotemporaneously, or at any other time, restricting the operation of these covenants. No attornment by the tenant, or agreement, or privity of contract, between him and the plaintiff, appears. In such a case, the deed speaks for itself in all its covenants. Prior stipulations of every nature are merged. In one of the most solemn forms known to the law, the parties have embodied the terms of their contract, and that is now the only evidence of the contract. No verbal declarations or admissions can, at law, alter, vary, or contradict it. And no averments, alleging any such alteration or variance, can be sustained.

The several pleas of *non est factum* were interposed, not to put in issue the execution and delivery of the deed by both defendants, which was admitted, or the power of a *feme covert*, under our statute, to execute, conjointly with her husband, such a conveyance, but to raise the question of the coverture of the female defendant, and how far such coverture affects the action in its present form.

This action is brought against the husband and wife, upon a contract entered into by her during their marriage. The general rule, undoubtedly, is, that she cannot be sued upon such contract, and so no judgment can be entered, or damages assessed against her. These are consequences of the disability under which she is placed by the law, for her own protection. But this rule had

its exceptions; for in England, before the statute, 3 and 4 William IV. chap. 74, it was held, that a married woman who had united with her husband in a *fine*, with warranty, was bound by her covenants, and an action might be maintained against her thereupon. *Wotton* v. *Hele*, 2 Saund. 178, and note 9 of cases, 180; *Goodright* v. *Straphan*, Cowp. 203. The exception proceeded upon the ground of the solemn character of a *fine*, which was a proceeding of *record* in open court, and therefore had the effect of a judgment, against which nothing can be averred while it remains unreversed. And so, now, in an action at law to foreclose a mortgage, executed by husband and wife, of the wife's lands, she may be joined as a defendant, because *she* has a *right* to redeem, and this equity cannot be barred without legal notice to *her*. *Swan* v. *Wiswall et ux*, 15 Pick. 126.

This case does not fall within any exception to the rule, that a *feme covert* cannot be sued for the breach of a covenant entered into by her during coverture. It follows, therefore, here, as in the case of *Hennessey* v. *Ryan and wife*, *infra*, 548, determined at the present term of this court, that of strict right and according to the settled rules of pleading, the plaintiff must become *nonsuit*, unless, on motion, he be permitted to *amend* his writ and declaration, by striking out the name of the *feme covert* defendant, and to proceed against the husband alone.

In relation to *damages*, the covenant against incumbrances being one of indemnity only, the general rule is, that the covenantee shall recover, as damages, a sum equal to the injury actually sustained at the time of action brought. If he has removed the incumbrance, the measure of damages is the amount paid, if it does not exceed the consideration money and interest. If the incumbrance is still outstanding, ordinarily, he would be entitled to only nominal damages. There may be cases, as of *easements*, *servitudes*, and *unexpired terms*, to which this rule would not apply; the incumbrance being, in its nature, *continuous*, and which the covenantee cannot remove. These, although he has paid nothing, he has sustained, and is daily sustaining as an actual injury. For this, he is to be compensated in damages, in a sum equivalent to the injury sustained. *Prescott* v. *Trueman*, 4 Mass. 630; *Harlow* v. *Thomas*, 15 Pick. 69; *Batchelder* v. *Sturgis et*

*als.* 7 Cush. 205. In the case of an unexpired term or lease, the rule is, the fair rental value of the land to the expiration of the term. Here, this was shown to be $150 per annum. The proportional part of this sum, from and after the 21st day of July, 1863, when the deed was made, to the 1st day of the succeeding May, when the lease will expire, is $116.07. The plaintiff, upon the evidence, being entitled to recover of the defendant, Ansel, may, if he elects to amend by striking out the name of Maria W. Bradley as a codefendant, take judgment for that sum against the other defendant, *without costs.*